UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

United States of America

   v.                                                      Criminal No. 11-cr-176-01-SM

Anthony Silva

**ORDER OF DETENTION PENDING TRIAL**

    In accordance with 18 U.S.C. § 3142(f), a hearing began on March 13 and continued on March 14, 2012, to determine whether to detain the defendant, Anthony Silva, who has been charged by indictment with one count of uttering counterfeit obligations or securities, in violation of 18 U.S.C. § 472.  The court issued its detention order orally from the bench, and this written order incorporates those findings and rulings.  See 18 U.S.C. § 3142(i)(1).

**Legal Standards**

    Section 3142(f) of the Bail Reform Act, 18 U.S.C. §§ 3141-3156, "does not authorize a detention hearing whenever the government thinks detention would be desirable, but rather limits such hearings" to the circumstances listed in 18 U.S.C. § 3142(f)(1) and (f)(2).  United States v. Ploof, 851 F.2d 7, 10 (1st Cir. 1988).  In this case, the government argued that a

detention hearing was warranted under 18 U.S.C. § 3142(f)(2)(A) (serious risk the defendant will flee if released). The charges in this case and the government's proffer with respect to risk of flight satisfy the above parameters and, accordingly, the detention hearing was appropriately requested.

Pursuant to § 3142(f), the court must determine whether any condition or combination of conditions set forth in § 3142(c) will reasonably assure the appearance of the defendant ("risk of flight") and the safety of any other person and the safety of the community ("dangerousness"). 18 U.S.C. § 3142(f); United States v. Patriarca, 948 F.2d 789, 791 (1st Cir. 1991). In making this determination, the court must consider the following: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence as to guilt; (3) the history and characteristics of the accused, including family ties, past history, financial resources and employment; and (4) the nature and seriousness of the danger to any person or the community that would be posed by a release. 18 U.S.C. § 3142(g).

During the course of a hearing conducted pursuant to 18 U.S.C. § 3142, the government has the burden of persuading the court that no condition or combination of conditions will reasonably assure (1) the defendant's presence at trial, United

States v. Perez-Franco, 839 F.2d 867, 870 (1st Cir. 1988); or (2) the safety of another or the community. Patriarca, 948 F.2d at 793. For its part, the government is required to prove risk of flight by a preponderance of the evidence and to establish dangerousness by clear and convincing evidence. See id. at 792-93.

### Findings and Rulings

In the instant case, the government argued that defendant's release, even on strict conditions, posed too great a risk of flight. The government did not argue that defendant's release posed a risk of danger. After weighing the evidence and balancing the factors laid out in 18 U.S.C. § 3142(g), the court finds that the government met its burden of proving that defendant should be detained pending trial. The court issued its ruling and explained its rationale orally from the bench. The court incorporates its oral ruling herein, and for the reasons stated on the record, finds that there are no conditions or combination of conditions that will reasonably assure the appearance of defendant. Accordingly, it is **ORDERED** that the defendant be detained pending trial.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a

3

corrections facility, to be held separately, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of appearing in connecting with court proceedings.

    SO ORDERED.

                                        Landya B. McCafferty
                                        United States Magistrate Judge

March 15, 2012

cc:  Bjorn Lange, Esq.
     Alfred J.T. Rubega, Esq.
     U.S. Marshal
     U.S. Probation